# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS AND ELECTRONICS, INC., | ) )  ) |
| *Plaintiff*, | ) ) ) C.A. No. 1:21-cv-00072-CFC |
| v. | ) ) JURY TRIAL DEMANDED |
| VIKING TECHNOLOGIES, LLC, | ) ) ) |
| *Defendant*. | ) ) ) |

## FEDEX SUPPLY CHAIN, INC.'S
## <u>REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS</u>

OF COUNSEL:

Katherine Vidal (*pro hac vice*)
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
(650) 858-6500
kvidal@winston.com

Jeanifer E. Parsigian (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th floor
San Francisco, CA 94111
(415) 591-1000
jparsigian@winston.com

William M. Logan (*pro hac vice*)
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston, Texas 77002
(713) 651-2600
wlogan@winston.com

Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
swilson@ycst.com

*Attorneys for Plaintiff FedEx Supply Chain Logistics and Electronics, Inc.*

Date: March 26, 2021

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

I.    INTRODUCTION ........................................................................................... 1

II.   ARGUMENT .................................................................................................. 2

      A.    Setting Aside Bare Recitations of Claim Language, Viking's Response Shows that It Has Not Pleaded Sufficient Factual Allegations to Support Its Infringement Claims. .................................. 2

      B.    Viking's Response Shows that Its Claims Are Impermissibly Premised on Pure Speculation that the Court Need Not Assume True ................................................................................................. 4

      C.    Viking's Response Confirms Why Its Claims Fail as a Matter of Law Under Section 271(g). ........................................................... 6

           1.    Viking is not entitled to relief pursuant to Section 287(b)(2) because it has failed to provide notice at any time relevant to a plausible allegation of infringing activity. ................................................................................... 6

           2.    No article of manufacture is "made by" the patented claims as required under Section 271(g). ................................. 8

           3.    The change from a display assembly that has had its glass removed by the patented processes to a repaired display assembly that has had the glass replaced is material, which precludes liability as a matter of law under Section 271(g). ................................................................................. 9

III.  CONCLUSION ............................................................................................. 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................. 2, 4

*Bayer AG v. Housey Pharm. Inc.*,
   169 F. Supp. 2d 328 (D. Del. 2001) ............................................................ 7, 8

*Biotec Biologische Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*,
   249 F.3d 1341 (Fed. Cir. 2001) .................................................................. 9, 10

*Bos. Sci. Corp. v. Nevro Corp.*,
   415 F. Supp. 3d 482 (D. Del. 2019) ............................................................ 3, 4

*Cuevas v. Wells Fargo Bank, N.A.*,
   643 F. App'x 124 (3d Cir. 2016) ................................................................. 4, 5

*Everlight Elecs. Co., Ltd. v. Bridgelux, Inc.*,
   No. C-17-03363-JSW, 2017 U.S. Dist. LEXIS 232082 (N.D. Cal. Oct. 11, 2017) ............................................................................................. 7

*Intelsat U.S. Sales LLC v. Juch-Tech, Inc.*,
   No. 10-2095 (RC), 2014 U.S. Dist. LEXIS 203540 (D.D.C. Oct. 15, 2014) .................................................................................................. 6

*John Keeler & Co. v. Heron Point Seafood, Inc.*,
   No. 1:14-CV-1652, 2017 U.S. Dist. LEXIS 138010 (N.D. Ohio Aug. 28, 2017) .......................................................................................... 3

*Millennium Cryogenic Techs., Ltd. v. Weatherford Artificial Lift Sys., Inc.*,
   No. H-12-0890, 2012 U.S. Dist. LEXIS 196638 (S.D. Tex. Sep. 5, 2012) ........................................................................................................ 10

*Mysak v. City of N.Y.*,
   No. 17-CV-3340 (JPO), 2019 U.S. Dist. LEXIS 52842 (S.D.N.Y. Mar. 28, 2019) ......................................................................................... 10

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
   873 F.3d 905 (Fed. Cir. 2017) ...............................................................................9

*Thompson v. TCT Mobile, Inc.*,
   No. 19-899-RGA-SRF, 2020 U.S. Dist. LEXIS 55863 (D. Del.
   Mar. 31, 2020).......................................................................................................9

*Uniloc 2017, LLC v. ZenPayroll, Inc.*,
   No. 19-1075-CFC-SRF, 2020 U.S. Dist. LEXIS 130261 (D. Del.
   July 23, 2020)...................................................................................................2, 3

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   No. 19-1687-CFC-CJB, D.I. 57 (D. Del. Mar. 24, 2021)......................................7

*Zavala v. Wal-Mart Stores Inc.*,
   691 F.3d 527 (3d Cir. 2012) .................................................................................5

**Statutes**

35 U.S.C. § 271(g) ...............................................................................................*passim*

35 U.S.C. § 287(b)(2)...............................................................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 11 .........................................................................................................6

Fed. R. Civ. P. 12 .......................................................................................................10

Fed. R. Civ. P. 12(b)(6)...............................................................................1, 6, 7, 10

Fed. R. Civ. P. 12(d) ....................................................................................................6

## I. INTRODUCTION

Viking's response offers mere distraction from three primary reasons its counterclaims are deficient, but it cannot overcome them. First, aside from Viking's conclusory recitation of the claimed steps, it makes no factual allegations that FedEx performs those steps. Second, Viking's counterclaims are impermissibly premised on pure speculation that does not warrant a presumption of truth at this stage. Third, Viking's counterclaims fail as a matter of law under Section 271(g), including because Viking's (false) allegation that FedEx purportedly "remanufactures" articles by removing broken glass from them, even if taken as true, does not satisfy the requirement that an article was "made by" the patented processes under Section 271(g). This case goes beyond the traditional (and still troublesome) serial filings of weak patents to extract money and therefore warrants attention. Given these incurable deficiencies, the Court should dismiss Viking's counterclaims with prejudice under Rule 12(b)(6).[1]

---

[1] Viking has since refiled its counterclaims with its answer to FedEx's amended complaint. D.I. 8; D.I. 11. As the counterclaims in Viking's most recent answer are substantively identical to those in D.I. 7, the arguments herein and in FedEx's opening brief apply to D.I. 7 and 11.

## II.     ARGUMENT

**A.     Setting Aside Bare Recitations of Claim Language, Viking's Response Shows that It Has Not Pleaded Sufficient Factual Allegations to Support Its Infringement Claims.**

Viking incorrectly suggests that it need not allege how FedEx purportedly practices the asserted claims. *See* D.I. 14 at 10. Viking's obligation, however, is to allege sufficient facts that, if taken as true, would justify relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Viking admits that its counterclaims merely restate "the steps in which the methods of the Patents-in-Suit are practiced" and then allege (*without offering any facts*) that "its methods are 'the most common method of performing high volume remanufacture of display assemblies' and 'provide[] a significant cost benefit over other known methods of remanufacture.'" *See* D.I. 14 at 10. This is insufficient to allege infringement. *See Uniloc 2017, LLC v. ZenPayroll, Inc.*, No. 19-1075-CFC-SRF, 2020 U.S. Dist. LEXIS 130261, at *10 (D. Del. July 23, 2020) (dismissing patent infringement claim supported only by a recitation of claim language and a conclusory allegation that the defendant infringed). Viking's allegation that its processes are only the "most common" way to remove damaged glass necessarily means that other processes are used for that purpose. Thus, even if Viking's allegations were true (they are not), it does not follow that if FedEx removed damaged glass from display assemblies then FedEx must have used Viking's patented processes to do so.

Viking is also wrong that it is excused from its pleading obligations because it contends the accused process "is a relatively straightforward technology." D.I. 14 at 10. Viking cites one case from another district to support that proposition. *Id.* (citing *John Keeler & Co. v. Heron Point Seafood, Inc.*, No. 1:14-CV-1652, 2017 U.S. Dist. LEXIS 138010, at *10 (N.D. Ohio Aug. 28, 2017)). But that court was simply grappling with the continuing applicability of Form-18-style pleading after the form was abrogated. *See* 2017 U.S. Dist. LEXIS 138010, at *10–11. This Court considered the same issue and found that "a plaintiff must generally do more than assert that the product infringes the claim; ***it must show how the defendant plausibly infringes by alleging some facts connecting the allegedly infringing product to the claim elements***." *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 489 (D. Del. 2019) (Connolly, J.) (emphasis added).

Viking incorrectly suggests that this Court's decision in *Boston Scientific* is inapt because (according to Viking) *Boston Scientific* does not require more than pleading "the steps in which the methods of the Patents-in-Suit are practiced." D.I. 14 at 11. But this case tracks *Uniloc*, where this District applied *Boston Scientific* and dismissed a patent infringement claim because it merely "recite[d] patent claim language and conclude[d] that [the accused infringer] infringes." 2020 U.S. Dist. LEXIS 130261, at *10.

3

The same principle applies here. Once Viking's rote recitations of the patents' claim language are disregarded, all that is left are bare legal conclusions that FedEx infringes. *See* D.I. 7 at ¶¶ 27 (concluding "FedEx infringed and continues to infringe"), 28–33 (reciting the claim language). There are thus no factual allegations that, if true, would connect FedEx's alleged infringing activity with the claim elements as *Boston Scientific* requires. *See* 415 F. Supp. 3d at 489. The Court should accordingly dismiss Viking's allegations for failing to state a claim.

**B.     Viking's Response Shows that Its Claims Are Impermissibly Premised on Pure Speculation that the Court Need Not Assume True.**

Viking's response underscores that its counterclaims are based on pure speculation regarding at least two issues: (1) the unwarranted assumption that if broken glass was removed from a display assembly then it must have been removed using the patented processes; and (2) incorrect speculation, despite all assurances to the contrary, and based on nothing more than unsubstantiated rumors, that FedEx is currently engaged in the accused activity.

Despite Viking's suggestions otherwise (D.I. 14 at 8–9), the Court need not accept Viking's speculation as true when considering a motion to dismiss, only well-pleaded facts. *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 126 (3d Cir. 2016). Indeed, the Third Circuit was clear about this in *Cuevas*: "conclusory and speculative pleading cannot survive a motion to dismiss." *Id.* (citing *Iqbal*, 556 U.S. at 678). Even when the allegations have a reasonable amount of specificity—unlike

4

here—if they are based on "pure speculation," they are insufficient to state a claim. *Id.* (disregarding allegation defendant "securitized [the plaintiff's] loan after the mortgage and note were executed, but before the foreclosure action" as "pure speculation"). The Third Circuit reached the same conclusion in *Zavala v. Wal-Mart Stores Inc.*, when it dismissed claims based on an allegation that assumed the defendant had requisite knowledge because "[e]ven on a motion to dismiss, [courts] are not required to credit mere speculation." 691 F.3d 527, 542 (3d Cir. 2012).

Here, Viking does not even endeavor to defend its speculation that any broken glass allegedly removed from a display assembly must have been removed using the patented processes. D.I. 7 at ¶¶ 34, 45; D.I. 14 at 10–11. Rather, as FedEx has explained in its opening brief and above, Viking at best alleges that its patented processes are the "most common" for removing broken glass, not the only methods for doing so. D.I. 7 at 34, 45. Viking's inference that any glass removed in the repair process is removed using its patented processes is thus pure speculation, and on the face of the pleading, Viking has not adequately stated a claim for infringement.

Further, Viking's allegation that FedEx is currently engaging in the accused activity is nothing more than pure (and flatly false) speculation based ***at best*** on unsubstantiated rumors that are not sufficient even at the pleading stage. Viking confirms this in its response, where it recasts these rumors as "communications with [unidentified] knowledgeable individuals." D.I. 14 at 8 n.2. Reliance on

5

"unsubstantiated industry rumors" does not "provide[] sufficient pre-filing grounds for including the allegations and causes of action in the … counterclaim." *Intelsat U.S. Sales LLC v. Juch-Tech, Inc.*, No. 10-2095 (RC), 2014 U.S. Dist. LEXIS 203540, at *17 (D.D.C. Oct. 15, 2014), *19 ("allegations in the complaint based on rumors and hunches were improper under Rule 11").

Given that Viking has confirmed in its response that its (false) allegation that FedEx continues to perform the accused acts is based solely on unsubstantiated industry rumors (D.I. 14 at 8 n.2), the Court should not assume those allegations are true under Rule 12(b)(6) and should dismiss.[2]

**C.    Viking's Response Confirms Why Its Claims Fail as a Matter of Law Under Section 271(g).**

   **1.    Viking is not entitled to relief pursuant to Section 287(b)(2) because it has failed to provide notice at any time relevant to a plausible allegation of infringing activity.**

Viking goes to great pains in its response to argue it does not have the burden to plead a legally cognizable claim under Section 271(g) at this stage. *See* D.I. 14 at 7 (arguing a Section 271(g) claim may not be dismissed at the pleading stage even

---

[2] FedEx disagrees with Viking that industry rumors can create a factual dispute. But if the Court finds that whether FedEx continues to repair displays with broken glass is a dispute of fact, it should convert this specific issue to summary judgment under Rule 12(d). Given that Viking's theory of requisite notice has narrowed to the filing of its counterclaims, whether FedEx continues to repair displays having broken glass is potentially case dipositive and could be resolved with limited discovery.

if it is implausible under Section 287(b)(2)). Not so. This District has previously dismissed implausible 271(g) claims under Rule 12(b)(6) when "no relief could be granted" based on the allegations in the pleading. *See Bayer AG v. Housey Pharm. Inc.*, 169 F. Supp. 2d 328, 331 (D. Del. 2001).

Contrary to Viking's assertions, the Northern District of California did not reach a different conclusion in *Everlight Elecs. Co., Ltd. v. Bridgelux, Inc.* D.I. 14 at 9 (citing No. C-17-03363-JSW, 2017 U.S. Dist. LEXIS 232082, at *5 (N.D. Cal. Oct. 11, 2017)). The *Everlight* court merely found that dismissal was inappropriate under the pleadings there because, taking the patentee's allegations as true, the patentee would have still been due relief for infringement during **some period**, even if Section 287(b)(2) limited that period based on lack of notice. *See* 2017 U.S. Dist. LEXIS 232082, at *5 (finding Section 287(b)(2) would not preclude "damages arising during the term of the patent and after the alleged infringer has received notice"). As Viking's only colorable notice allegation is based on filing its counterclaims, and its only allegations of ongoing infringement after filing its counterclaims are based on pure (and false) speculation, the lack of pre-suit notice under Section 287(b)(2) precludes **any relief** here. *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, No. 19-1687-CFC-CJB, D.I. 57 (D. Del. Mar. 24, 2021) (Connolly, J.) (holding filing complaint does not satisfy notice requirement for post-suit induced infringement or willfulness because it is "neither wise nor consistent with … judicial

7

economy to allow court dockets to serve as notice boards"). And as this District recognized in *Bayer*, when a court cannot grant relief based on the pleadings, the claims are subject to dismissal. 169 F. Supp. 2d at 331.[3]

### 2. No article of manufacture is "made by" the patented claims as required under Section 271(g).

Viking's response underscores another reason its claims fail as a matter of law: the claims do not cover methods by which an article is "made," as required under Section 271(g). Viking has been aware of this deficiency from the outset. It has tried to disguise it with meaningless terms like "remanufactured" that have no basis in the statute or the case law to obscure a simple truth: its asserted claims relate *only* to the act of removing glass from an existing article of manufacture, and do not relate to making *anything*.

In other words, Viking is wrong to say in its response that "[t]he Patents-in-Suit cover methods 'for replacement of damage[d] display shield[s] (typically glass).'" D.I. 14 at 10 (quoting D.I. 1-1 ('953 Patent) at Abstract). The Court "need not 'accept as true allegations that contradict matters properly subject to judicial

---

[3] Viking does not defend the sufficiency of its allegations of pre-suit knowledge, which were improperly premised solely on purported notice of patent applications to FedEx's predecessor-in-interest. Thus, even if notice by counterclaims were sufficient, and even disregarding the deficiencies in Viking's allegations of purported ongoing accused activity, dismissal is appropriate for any alleged pre-suit infringement under Section 271(g).

notice or by exhibit,' such as the claims and the patent specification." *Thompson v. TCT Mobile, Inc.*, No. 19-899-RGA-SRF, 2020 U.S. Dist. LEXIS 55863, at *7 (D. Del. Mar. 31, 2020) (quoting *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017)).

Here, the claims tell the tale: they **only** relate to removing glass from an existing display unit and do not involve replacing the glass or doing anything else beyond removing part of an already extant article of manufacture. *See, e.g.*, D.I. 1-1 at Claims 1, 8; D.I. 1-2 at Claims 1, 9; D.I. 7 (Counterclaims) ¶¶ 22–25. There is accordingly no plausible claim that the accused display assemblies are articles "made by" the patented processes within the meaning of Section 271(g).

> **3. The change from a display assembly that has had its glass removed by the patented processes to a repaired display assembly that has had the glass replaced is material, which precludes liability as a matter of law under Section 271(g).**

Ultimately, the only things conceivably created by the patented processes are shards of glass and the absence of glass on a pre-existing display assembly that was manufactured by another entity, like Apple or Samsung. And as FedEx explains in its opening brief, Section 271(g) excludes from its scope articles that are "materially changed" (e.g., by replacing the glass) after applying the patented processes.

Viking incorrectly contends that the Federal Circuit has proscribed this Court from determining at the pleading stage whether replacing glass that the patented processes removed is a material change. *See* D.I. 14 at 12 (citing *Biotec Biologische*

9

*Naturverpackungen GmbH & Co. KG v. Biocorp, Inc.*, 249 F.3d 1341, 1352 (Fed. Cir. 2001)). The *Biotec* court, however, was looking at the distinct issue of whether there was substantial evidence to support a jury's finding that an article was not materially changed. 249 F.3d 1341 at 1352. There is no suggestion in *Biotec* that this Court cannot look at what Viking describes as a "straightforward technology" (D.I. 14 at 10) to determine whether the accused display assemblies that include replacement glass have been "materially changed" from the glassless states that they would have been left in after the patented processes.

Nor is this, as Viking suggests, like *Millennium Cryogenic Techs., Ltd. v. Weatherford Artificial Lift Sys., Inc.*, where the Southern District of Texas found materiality to be a plausible factual dispute. *See* No. H-12-0890, 2012 U.S. Dist. LEXIS 196638, at *8 (S.D. Tex. Sep. 5, 2012). Rather, dismissal is appropriate here because it is ***implausible*** that a reasonable factfinder could conclude that the change from a display assembly lacking glass to a display assembly having glass is immaterial. *See, e.g.*, *Mysak v. City of N.Y.*, No. 17-CV-3340 (JPO), 2019 U.S. Dist. LEXIS 52842, at *17 (S.D.N.Y. Mar. 28, 2019) (noting factual issues do not preclude dismissal under Rule 12 when it is implausible that a jury could find for the pleader). In other words, because any reasonable factfinder would find the changes to the accused products material under Section 271(g), the Court should dismiss Viking's claims under Rule 12(b)(6).

## III.  CONCLUSION

For the reasons above and in FedEx's opening brief, the Motion to Dismiss should be granted and Viking's counterclaims should be dismissed with prejudice.

| | |
|---|---|
| Date: March 26, 2021 | Respectfully submitted, |
| | By */s/ Samantha G. Wilson* |
| | Adam W. Poff (No. 3990)<br>Samantha G. Wilson (No. 5816)<br>YOUNG CONAWAY STARGATT &<br>TAYLOR, LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>*apoff@ycst.com*<br>*swilson@ycst.com* |
| | OF COUNSEL: |
| | Katherine Vidal (*pro hac vice*)<br>WINSTON & STRAWN LLP<br>275 Middlefield Road, Suite 205<br>Menlo Park, CA 94025<br>(650) 858-6500<br>kvidal@winston.com |
| | Jeanifer E. Parsigian (*pro hac vice*)<br>WINSTON & STRAWN LLP<br>101 California Street, 35th floor<br>San Francisco, CA 94111<br>(415) 591-1000<br>jparsigian@winston.com |
| | William M. Logan (*pro hac vice*)<br>WINSTON & STRAWN LLP<br>800 Capitol Street, Suite 2400<br>Houston, Texas 77002<br>(713) 651-2600<br>wlogan@winston.com |
| | *Attorneys for Plaintiff FedEx Supply Chain Logistics and Electronics, Inc.* |

27919437.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS AND ELECTRONICS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> VIKING TECHNOLOGIES, LLC, <br><br> *Defendant*. | ) ) ) ) ) ) C.A. No. 1:21-cv-00072-CFC ) ) JURY TRIAL DEMANDED ) ) ) ) |

## WORD COUNT CERTIFICATION

The undersigned hereby certifies that Plaintiff FedEx Supply Chain Logistics and Electronics, Inc.'s Reply Brief in Support of Its Motion to Dismiss contains 2,500 words (exclusive of the cover page, table of contents, table of authorities, and signature block) in Times New Roman 14-point font, counted using Microsoft Word's word count feature.

Dated: March 26, 2021

YOUNG CONAWAY STARGATT & TAYLOR, LLP

 /s/ Samantha G. Wilson
Adam W. Poff (No. 3990)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com

OF COUNSEL:

Katherine Vidal (*pro hac vice*)
WINSTON & STRAWN LLP

275 Middlefield Road, Suite 205
Menlo Park, CA 94025
(650) 858-6500
kvidal@winston.com

Jeanifer E. Parsigian (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th floor
San Francisco, CA 94111
(415) 591-1000
jparsigian@winston.com

William M. Logan (*pro hac vice*)
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston, Texas 77002
(713) 651-2600
wlogan@winston.com

*swilson@ycst.com*

*Attorneys for Plaintiff FedEx Supply Chain Logistics and Electronics, Inc.*

2