# Exhibit 1

# Logan, William

| | |
|---|---|
| **From:** | Raskin, Mark (US) <mark.raskin@us.kwm.com> |
| **Sent:** | Tuesday, June 8, 2021 5:48 PM |
| **To:** | Vidal, Kathi; sbrauerman@bayardlaw.com; rgolden@bayardlaw.com; DeVincenzo, Michael (US); Petrsoric, John (US) |
| **Cc:** | Parsigian, Jeanifer; 'Steve Brauerman'; Viking Tech |
| **Subject:** | RE: FedEx v. Viking, C.A. No. 21-72-CFC-JLH |

Kathi,

Thank you for the confirmation.  We do, however, take issue with your additional assertions.   With respect to Re-LCD (a supplier of refurbished display assemblies, see http://re-lcd.com/our_stores.php), on one of my team's early calls with your team, we identified them as likely supplying refurbished display assemblies to FedEx.  We were told that your team would look into the issue and get back to us.  We did not hear anything further.  Instead, we were told that FedEx did "cosmetic" repair work at most – a statement that we now know not to be true.  In fact, Viking first learned that FedEx only purchased new display assemblies for incorporation into phones when FedEx submitted the Taylor declaration.  Indeed, the declaration confirmed our pre-suit investigation that FedEx was still in the business of major smartphone repair.  We are left at a loss as to why you elected to falsely claim that FedEx only performed "cosmetic" repair work and refused to provide any evidence of FedEx's repair activities until improperly submitting evidence/arguments for the first time in the sanctions motion reply brief.

Based on the declaration, Viking has dismissed its counterclaims without prejudice.

Regards,
Mark

**From:** Vidal, Kathi <KVidal@winston.com>
**Sent:** Monday, June 7, 2021 9:25 AM
**To:** Raskin, Mark (US) <mark.raskin@us.kwm.com>; sbrauerman@bayardlaw.com; rgolden@bayardlaw.com; DeVincenzo, Michael (US) <michael.deVincenzo@us.kwm.com>; Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Cc:** Parsigian, Jeanifer <JParsigian@winston.com>; 'Steve Brauerman' <sbrauerman@bayardlaw.com>; Viking Tech <viking.tech@us.kwm.com>
**Subject:** RE: FedEx v. Viking, C.A. No. 21-72-CFC-JLH

Mark,

Thank you for your email.  You are correct that since 2018 FedEx uses only new displays and has not purchased or imported any refurbished display assemblies or smartphones with refurbished display assemblies.  Ms. Parsigian's statements were consistent with those facts, and in particular described FedEx's business with Re-LCD.  As to dismissal of our DJ claims and motion for sanctions, will Viking agree that dismissal to dismiss its claims with prejudice and to pay FedEx's attorney fees that were incurred based on Viking's lack of pre-suit investigation?  I believe FedEx would consider a joint dismissal if an arrangement could be made.  Please let me know so that I can advise FedEx.

Thank you,

Kathi

**From:** Raskin, Mark (US) <mark.raskin@us.kwm.com>
**Sent:** Friday, June 4, 2021 4:17 PM
**To:** Vidal, Kathi <KVidal@winston.com>; sbrauerman@bayardlaw.com; rgolden@bayardlaw.com; DeVincenzo, Michael (US) <michael.deVincenzo@us.kwm.com>; Petrsoric, John (US) <john.petrsoric@us.kwm.com>
**Cc:** Parsigian, Jeanifer <JParsigian@winston.com>; 'Steve Brauerman' <sbrauerman@bayardlaw.com>; Viking Tech <viking.tech@us.kwm.com>
**Subject:** Re: FedEx v. Viking, C.A. No. 21-72-CFC-JLH

Kathi,

We have reviewed FedEx's reply brief and declarations in support of FedEx's motion for sanctions.

As an initial matter, and with respect to Mr. Taylor's declaration, we are puzzled why FedEx could not provide this information prior to its inclusion in your reply brief to your sanctions motion, since we repeatedly sought such information. Mr. Taylor's declaration, which we take at face value, indicates that FedEx has continued to be active in the phone repair business since 2018, even if any display "repairs" amounted to replacement with new displays. Taylor Dec. at ¶ 19 ("[S]ince at least 2018, for any entity for which FSCLE performs Level 2 repair, FSCLE has been contractually obligated to perform the repairs using new LCD displays from authorized sources"). While consistent with Mr. Taylor's public statements, they nevertheless run contrary to the representations Ms. Parsigian made to my team in January that FedEx was doing only "cosmetic" phone work.

Based on Mr. Taylor's declaration, it is our understanding that since 2018 FedEx uses only new displays and has not bought and/or imported any refurbished display assemblies and/or smartphones with refurbished display assemblies. If our understanding is incorrect, please let us know.

Based on our understanding of Mr. Taylor's declaration, we plan to dismiss our counterclaims in this matter. To that end, while our dismissal of our counterclaims is not contingent on this, we also request that FedEx withdraw its motion for sanctions. Based on our understanding of Mr. Taylor's declaration, there does not appear to be a case or controversy in this matter. We, therefore, assume that FedEx will be dismissing this action against Viking.

We are available to discuss this matter further if you would like.

Regards,
Mark

Sent from my RAZR

**From:** Vidal, Kathi <KVidal@winston.com>
**Sent:** Friday, May 7, 2021 11:31:44 AM
**To:** sbrauerman@bayardlaw.com <sbrauerman@bayardlaw.com>; rgolden@bayardlaw.com <rgolden@bayardlaw.com>; DeVincenzo, Michael (US) <michael.deVincenzo@us.kwm.com>; Petrsoric, John (US) <john.petrsoric@us.kwm.com>; Raskin, Mark (US) <mark.raskin@us.kwm.com>; Long, Elizabeth (US) <elizabeth.long@us.kwm.com>
**Cc:** Parsigian, Jeanifer <JParsigian@winston.com>
**Subject:** FedEx v. Viking, C.A. No. 21-72-CFC-JLH

Counsel,

In Mr. Barnett's Declaration (attached), Mr. Barnett attests in Paragraphs 11 and 12 that:

11. In or around the fall of 2020, a consultant in the smartphone and tablet repair

2

industry informed me that FedEx was obtaining its remanufactured display assemblies from Re-LCD, Inc. He further informed me that his knowledge was based on a discussion he had with Suzette Jolley who I understand is a FedEx employee.

12. In or around December 2020, the same consultant informed me that FedEx was currently doing smartphone repair work for SquareTrade, Inc.

Can you please provide us with the identification of that consultant?

Thank you,

Kathi

**Kathi Vidal**
**Silicon Valley Managing Partner**
Winston & Strawn LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025

D: +1 650-858-6425

M: +1 650-272-7313

Bio | VCard | Email | winston.com

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

This e-mail is from King & Wood Mallesons LLP, a New York Limited Liability Partnership. This email and any attachment is intended for the use of the individual or entity who is the intended recipient and may contain information that is privileged or confidential. If you have received this e-mail in error, please notify King & Wood Mallesons LLP immediately by replying to this e-mail and delete all copies of the e-mail and the attachments thereto (if any). Thank you.

Disclaimer: King & Wood Mallesons refers to the network of firms that are members of the King & Wood Mallesons network. See www.kwm.com for more information. Legal services are provided independently by each of the separate member firms. The term "partner" refers to any individual who is a member of any King & Wood Mallesons entity or an employee or consultant with equivalent standing and qualifications. No member firm nor any of its partners, consultants or employees acts as agent for any other member firm or any of its partners, consultants or employees. No individual partner, consultant, or employee in any member firm has authority to bind any other member firm.