# BAYARD

600 N. King Street • Suite 400
P.O. Box 25130 • Wilmington, DE 19899
Zip Code For Deliveries 19801

June 30, 2021

Writer's Direct Access:
(302) 429-4232
sbrauerman@bayardlaw.com

**VIA CM/ECF**

The Honorable Jennifer L. Hall
J. Caleb Boggs Federal Building
844 N. King Street
Unit 17, Room 3124
Wilmington, DE 19801-3555

Re:  *Viking Technologies, LLC v SquareTrade Inc. et al*, 1:20-cv-01509-CFC
*Viking Technologies, LLC v. Encore Repair Services, LLC et al*, 1:20-cv-01510-CFC
*FedEx Supply Chain Logistics & Electronics, Inc. v. Viking Technologies, LLC*, 1:21-cv-00072-CFC

Dear Judge Hall:

Pursuant to Your Honor's May 27, 2021 Order, the parties write to provide (a) a description of the cases; (b) the parties' positions regarding disputes in the proposed Scheduling Order; and (c) a list of other issues certain Defendants would like to address at the Rule 16 Scheduling Conference.

## I.      CASE DESCRIPTION

These cases concern U.S. Patent Numbers 8,888,953 ("'953 Patent") and 10,220,537 ("'537 Patent") (collectively, the "Asserted Patents") which are both directed to methods of separating the glass cover from the underlying display of a tablet or smartphone.  Viking Technologies, LLC ("Viking") has brought suit against SquareTrade, Inc. and SquareTradeGO, Inc. (collectively, "ST Defendants") and Encore Repair Services, LLC and Encore Repair Holdings, LLC (collectively, "Encore") alleging infringement of the Asserted Patents.  FedEx Supply Chain Logistics & Electronics, Inc. ("FedEx") has filed a declaratory judgment declaratory judgment that it does not infringe any claims of the '953 Patent and the '537 Patent.

## II.      DISPUTES IN PROPOSED SCHEDULING ORDER

The parties have deviated from the Court's form scheduling orders in the following paragraphs:

| | |
|---|---|
| Paragraph 8(e)(i) | Detailed clarification of deposition limits |
| Paragraph 8(f)(i) | Clarification of expert deposition limits based on amount of subject matter opined upon |
| Paragraph 11 | Addition of objection timeline for technology tutorials |
| Paragraph 20 | Addition of trial sequencing conference |

As to the proposed scheduling order, the parties disagree on four issues.

**Issue No. 1: Paragraph 1 - Whether FedEx should be required to make initial disclosures**

**Viking's Position:** FedEx's claim for declaratory judgment of non-infringement remains pending



and FedEx refuses to engage in discovery and/or dismiss their declaratory judgment claim.  If declaratory judgment jurisdiction remains and FedEx refuses to dismiss their claim, it must engage in discovery.  FedEx's decision to declare itself the "prevailing party," and file a motion for attorney's fees, as if final judgment has been entered does not make it so.

**FedEx Defendant's Position:** While FedEx's declaratory judgment complaint remains pending, since Viking dismissed its counterclaims, the remaining disputes are FedEx's motion for sanctions under Rule 11 (briefing completed, D.I. 19, 23, 27, 1:21-cv-00072-CFC) and its motion for fees as the prevailing party under Rule 54 and 35 U.S.C § 285 (opening brief filed, D.I. 38, 1:21-cv-00072-CFC). Viking has twice dismissed its claims against FedEx. The second dismissal is on the merits under Rule 41 and FedEx is the prevailing party. Given Viking's lack of pre-suit investigation and otherwise frivolous claims, FedEx requests that, as a matter of principle and deterrence, Viking bear the costs of the two actions and that FedEx be awarded its reasonable attorney fees.

## Issue No. 2: Paragraph 8(e)(i) – Deposition Hour Limits

**Viking's Position:** The same hours limit was agreed to in the related actions in the Eastern District of Texas.  (*Viking Techs., LLC v. Broadtech, LLC et al.*, No. 2:20-cv-00357-JRG, Dkt. 71 at ¶ 5.) Because of the simplicity of the case, Defendants' assertion is unavailing.  Viking generally bears the burden of per-defendant infringement and corresponding damages.  Relevant testimony will come from Defendants' witnesses and third-party witnesses, not Viking's.  Defendants' time will more naturally be directed to the issues on which they bear the burden, e.g., invalidity, which will have efficiencies created by the commonality of the Asserted Patents.

**Defendants' Position:** Defendants request 80 collective hours for party depositions and 70 collective hours for non-party depositions. At this time, Defendants do not know the full scope of the case or of discovery. A single defendant is entitled to 10 depositions of 7 hours each.  Here, there are 5 defendants, or 350 hours in a normal case. Meanwhile, Plaintiffs are requesting, and Defendants are allowing 225 collective hours of deposition against them. Noting that efficiencies are created by the commonality of the asserted patents, Defendants have reduced the hours requested. However, each party has different non-infringement positions and unique issues to address.

## Issue No. 3: Paragraph 8(f)(ii) – Supplemental Expert Declarations

**Viking's Position:** Viking agrees with Defendants that supplemental expert declarations, i.e., declarations that occur after the deadline for expert disclosures pursuant to Rule 26, may be submitted with motion briefing.  For clarity's sake, Viking proposes that the opinions in these declarations be limited to those already set forth in the required expert disclosures.  In doing so, Viking seeks to make clear that new opinions cannot be offered as part of motion practice.

**Defendants' Position:** Defendants disagree with any qualifiers as expert reports must already follow Fed. R. Civ. P. 26 and this Scheduling Order, including expert opinion disclosure.

## Issue No. 4: Paragraph 13 – Claim Construction Briefing Limits

**Viking's Position:**  Viking asserts that the Court's standard limits applies.  Defendants' proposal creates disparity in the parties' page limits—Viking would be limited to 40 pages total, *i.e.,* the



standard limit, while Defendants would have 55 pages.  Beyond the issue of fairness, Defendants' proposal is unnecessary.  The technology is simple and there is no reason for the Court to be burdened with Defendants' proposed volume.  Judge Gilstrap construed the Asserted Patents in the Texas actions with the parties submitting just over 50 pages total—less than what Defendants propose just for themselves—despite the parties having a 75-page limit.  If Defendants need extra pages in the future, Viking will not unreasonably dispute a request at that time.

**Defendants' Position:** Defendants request 40 pages to respond to claim construction (with each Defendant Group reserving 5 pages for unique issues) and 15 pages for sur-reply (with each Defendant Group reserving 2 pages for unique issues). Typically, one party get 30 pages to respond and 10 pages to sur-reply. Here, there are 5 Defendants as part of 3 Defendant Groups.  As a result, Defendants request some space to address any unique issues to a particular Defendant Group.

### III.     LIST OF OTHER ISSUES

#### a.  <u>Pleading Issues:</u> Complaint lacks basis for infringement and past damages.

**ST Defendants' Position.** As set forth in the ST Defendant's Motion to Dismiss briefing (D.I. 18, 1:20-cv-01509-CFC), there are substantial pleading issues to be resolved. The FAC fails to identify the accused products and the third parties performing the patented process, merely alleging § 271(g) infringement because ST Defendants sell, offer, use and/or import "display assemblies . . . for smartphones and tablets."  *See e.g.*, *Id.* at ¶¶ 27, 37.  In addition, Plaintiff claims entitlement to pre-suit damages under 35 U.S.C. § 287, but fails to allege any facts showing it complied with § 287(b)(2)'s requirement for "notice of infringement" with respect to § 271(g).  The ST Defendants cannot accurately assess the scope of relevant discovery that is proportional to the needs of this case without sufficient notice of, and the bases for, the claims against them.

**Viking's Response.** The ST Defendants' positions on "other issues" have nothing to do with the scheduling order and they rehash their legally and factually flawed motion to dismiss, which the Court will address on August 18.  The ST Defendants vaguely claim that they cannot ascertain the scope of discovery in this litigation yet, prior to this correspondence, they never made such a contention.  Suggesting that Viking must identify the ST Defendants' suppliers and the display assemblies remanufactured using the Accused Process before they can understand their discovery obligation is odd.  Discovery has not begun, and if the ST Defendants become legitimately confused regarding their discovery obligations as this case proceeds, Viking will be more than willing to confer.

#### b.  <u>Damages Issues:</u> It is unclear to the Defendants what Plaintiff seeks.

**Defendants' Position.** The Parties have been unable to make progress on early resolution of these matters, because it is unclear what Plaintiff seeks as its remedy or royalty.  In the Texas lawsuits, which are much further along, Plaintiff is scheduled to serve expert reports in July. To hold constructive ADR sessions, the Delaware Defendants require copies of Plaintiff's damages reports. Without Plaintiff's reports, the Delaware Parties will remain unable to work towards resolution.

**Viking's Response.** Defendants' claim that it is unclear what Viking seeks as its remedy or royalty should not be surprising.  Discovery has not begun and Defendants have produced no documents.



The parties are available at the Court's convenience should Your Honor have any questions.

Respectfully submitted,

*/s/ Stephen B. Brauerman*

Stephen B. Brauerman (No. 4952)