# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS & ELECTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIKING TECHNOLOGIES, LLC, <br><br> Defendant. | C.A. No. 1:21-cv-00072-CFC <br><br> **JURY TRIAL DEMANDED** |

## DECLARATION OF JOHN F. PETRSORIC IN SUPPORT OF VIKING TECHNOLOGIES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER 35 U.S.C. § 285

I, John F. Petrsoric, declare as follows:

1. I am Of Counsel at King & Wood Mallesons LLP, counsel of record for Viking Technologies, LLC ("Viking").

2. Prior to filing Viking's counterclaims in this action, I spoke with Kevin Barnett, co-owner of Viking. Mr. Barnett told me, based on the information that he had gathered, that FedEx was still active in the repair business, including for U.S. Cellular and AT&T, and was acquiring remanufactured smartphone displays from Re-LCD.

3. On January 11, 2021, I had a phone call with counsel for FedEx Supply Chain, Inc. ("FSC") and FedEx Supply Chain Logistics and Electronics, Inc. ("FSCLE"), Kathi Vidal, and Jeanifer Parsigian. On that call, they informed me that FSC was not in the business of smartphone repair and that they would provide the name of the proper entity. As such, they explained that FSC's conduct could not be infringing.

4. On the January 11 call, I explained that Viking's research indicated that FedEx was still active in the repair business, and that Viking understood that a company called Re-LCD was supplying refurbished display assemblies. Ms. Vidal and Ms. Parsigian indicated they would investigate Re-LCD and provide a response. I never received a response with respect to the information I provided regarding Re-LCD.

5. On January 18, 2021, Ms. Parsigian emailed me and identified FSCLE as the entity and asked that Viking amend its complaint to identify FSCLE as the correct

entity. Attached as Exhibit A is a true and correct copy of the email I received from Ms. Parsigian.

6. On a subsequent phone call on January 21, 2021 and via email, I assured Ms. Parsigian that it was Viking's intention to amend the complaint to identify FSCLE as the correct entity. Attached as Exhibit B is a true and correct copy of the email I sent to Ms. Parsigian on January 21 prior to that day's call.

7. On January 29, 2021, I again spoke with Ms. Parsigian. I reiterated that Viking would amend the complaint to identify FSCLE as the correct entity. We also discussed FSCLE's involvement in the smartphone repair business. She indicated that FSCLE no longer performed major repair work. I informed Ms. Parsigian that Viking's research indicated that FSCLE was still active in the smartphone repair business, including doing work for U.S. Cellular and AT&T using refurbished display assemblies supplied by Re-LCD. I also indicated that Viking would be open to considering any additional information provided by FSCLE.

8. Attached as Exhibit C is a copy of a document entitled "Motion for Sanctions Under Federal Rule of Civil Procedure 11, 35 U.S.C. § 285 and The Inherent Powers of the Court." This document was served on Viking by Ms. Parsigian on February 4, 2021 as provided for in Fed. R. Civ. P. 11.

9. Attached as Exhibit D is a copy of a February 4, 2021 email from myself to Ms. Parsigian.

I declare under penalty of perjury under the laws of the United States that to the best of my knowledge and recollection the foregoing is true and correct.

_____
John F. Petrsoric

Executed this 6th day of July, 2021.