# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

FEDEX SUPPLY CHAIN LOGISTICS
AND ELECTRONICS, INC.,

      Plaintiff,

   v.

VIKING TECHNOLOGIES, LLC,

      Defendant.

**JURY TRIAL DEMANDED**

C.A. No.  21-72-CFC-JLH

## VIKING TECHNOLOGIES, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL UNDER 41(a)(2) AND FOR ENTRY OF FINAL JUDGMENT UNDER RULES 54 AND 58

OF COUNSEL:

Mark S. Raskin
John F. Petrsoric
Michael S. DeVincenzo
Elizabeth Long
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
mark.raskin@us.kwm.com
john.petrsoric@us.kwm.com
michael.devincenzo@us.kwm.com
elizabeth.long@us.kwm.com

Dated:  July 27, 2021

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendant*
*Viking Technologies, LLC*

ii

To the extent FedEx Supply Chain Logistics & Electronics ("FSCLE") seeks to dismiss its claims of non-infringement without prejudice, Viking Technologies, LLC ("Viking") does not oppose FSCLE's motion. (*See* D.I. 52.) However, FSCLE does not merely seek to have its claims dismissed without prejudice, it further seeks to have final judgment entered in its favor with respect to the very claims it seeks to dismiss without prejudice. Viking opposes FSCLE's request for judgment in its own favor with respect to claims FSCLE no longer seeks to pursue.

First, a dismissal without prejudice does not operate as a final judgment. Here, upon dismissal of FSCLE's claims, all claims in this action will have been dismissed without prejudice. As such, final judgment cannot be entered in either side's favor. *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990 (Fed. Cir. 2020) (Dismissal without prejudice is not a "final court order" sufficient to confer prevailing-party status for purposes of final judgment.).

Second, the two-dismissal rule is a fact intensive inquiry which is not conducive to judgment prior to the completion of discovery. *See St. Clair Intellectual Prop. Consultants Inc. v. Samsung Elecs. Co. Ltd.*, 12-CV-69-LPS, 2020 WL 6799261, at *3 (D. Del. Nov. 20, 2020) (finding questions of fact regarding two-dismissal rule precluded judgment). Despite this, FSCLE seeks to have judgment entered in its favor without discovery regarding FSCLE's claims that the two-

1

dismissal rule is applicable.  Any such judgment would be improper because Viking has not been afforded the procedural protections required by the Federal Rules of Civil Procedure, *i.e.*, the opportunity to take discovery.  *See Shelton v. Bledsoe*, 775 F.3d 554, 565 (3d Cir. 2015) ("[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" (citations omitted)).  Those procedural safeguards are particularly important here because "the two-dismissal rule serves as an adjudication on the merits and a bar against bringing suit" and, as such, it is "strictly construe[d]."  *St. Clair Intellectual Prop. Consultants Inc. v. Samsung Elecs. Co. Ltd.*, 291 F.R.D. 75, 79 (D. Del. 2013).  FSCLE's decision to dismiss its claim in lieu of providing discovery and attempting to prove its allegations based on the two-dismissal rule precludes judgment in its favor based on the application of that rule.

Third, in support of its argument that judgment should be entered in its favor, FSCLE's relies on and incorporates its briefing in support of its motion for attorney fees.  (D.I. 52 at 2.)  FSCLE argued that it did not have to meet the evidentiary hurdles associated with judgment to prevail on its fee motion.  (D.I. 51 at 5 (urging that it did not have to prove judgment was appropriate in its favor).)  Now, FSCLE simply incorporates its prior arguments, which are admittedly directed to a different standard than that necessary to obtain a final judgment at this stage of the case.

Lastly, FSCLE's urges that "final judgment in its favor … will entirely resolve the case." (D.I. 52 at 2.) Of course, dismissal without prejudice of FSCLE's declaratory judgment claim will also entirely resolve this case. Indeed, the only other claim in this case, Viking's counterclaim for infringement was dismissed weeks ago. (D.I. 35.) Upon dismissal of FSCLE's counterclaim, the case will end. FSCLE's request for a finding on the never adjudicated two-dismissal rule (upon which no discovery has been produced) does not lead to a different conclusion. The Court should deny the Motion for Judgment (D.I. 52), permit FSCLE to voluntarily dismiss its counterclaims, and end this case.

Dated: July 27, 2021

OF COUNSEL:

Mark S. Raskin
John F. Petrsoric
Michael S. DeVincenzo
Elizabeth Long
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
mark.raskin@us.kwm.com
john.petrsoric@us.kwm.com
michael.devincenzo@us.kwm.com
elizabeth.long@us.kwm.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendant*
*Viking Technologies, LLC*

3