IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FEDEX SUPPLY CHAIN LOGISTICS AND ELECTRONICS, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> VIKING TECHNOLOGIES, LLC, <br><br> Defendant/Counterclaim Plaintiff. | C.A. No. 21-72-CFC |

**REPORT AND RECOMMENDATION**

Plaintiff FedEx Supply Chain Logistics & Electronics, Inc. ("FSCLE") filed this action seeking a declaratory judgment that it does not infringe two patents owned by Defendant Viking Technologies, LLC ("Viking"). Viking filed counterclaims for infringement of the same two patents, but it dismissed them before FSCLE answered. FSCLE contends that Viking's counterclaims were frivolous, and FSCLE moves the Court for an award of attorney's fees and sanctions against Viking under Federal Rule of Civil Procedure 11 and 35 U.S.C. § 285. (D.I. 18; D.I. 38.)[1] I recommend that the Court DENY FSCLE's motions.

FSCLE also seeks to dismiss its declaratory judgment claim without prejudice and asks for entry of "judgment of non-infringement" of the two patents. (D.I. 52.) I recommend that the Court GRANT FSCLE's motion to dismiss its declaratory judgment claim but DENY its request for entry of judgment of non-infringement.

---

[1] Unless indicated otherwise, all citations are to C.A. No. 21-72.

## I. BACKGROUND

U.S. Patent Nos. 8,888,953 ("'953 patent") and 10,220,537 ("'537 patent") relate to methods of removing damaged glass covers from mobile phone displays so that replacement glass can be attached. (D.I. 11, Counterclaims ¶ 19.) Viking Technologies, LLC ("Viking") is the owner by assignment of both patents. (*Id.* ¶¶ 15, 17.)

FSCLE commenced this action on January 25, 2021. (D.I. 1.) To fully understand the pending disputes, however, we need to go back a little further in time. On November 9, 2020, two months before FSCLE filed this action, Viking sued a different entity, FedEx Supply Chain, Inc. ("FSC"), in this Court for infringement of the '953 and '537 patents. (C.A. No. 20-1511-CFC, D.I. 1.) Viking's Complaint alleged that FSC "operates phone repair and remanufacture facilities" and that FSC violated 35 U.S.C. § 271(g) by "selling in, offering to sell in, using in, or importing into the United States display assemblies manufactured or otherwise produced using a process that practices" methods claimed by the patents. (*Id.* ¶¶ 26–27, 30–31.)

On January 11, 2021, counsel retained by FSC contacted Viking's attorneys and told them that FSC was not a proper defendant in Viking's infringement action because FSC was not in the business of repairing smartphones. (D.I. 28 ¶ 4; D.I. 49 ¶ 3, Ex. A at 1–2; D.I. 8 (Amended Complaint) at 1.) FSC's counsel sent a follow-up email on January 18, 2021, requesting that Viking "fil[e] an amended complaint to name the correct entity, FedEx Supply Chain Logistics and Electronics [FSCLE]." (D.I. 49, Ex. A at 1.)

One week later, on January 25, 2021, FSCLE filed this action against Viking seeking declaratory judgment of noninfringement of the '953 and '537 patents. (D.I. 1.) FSCLE's pleadings allege that it "exited the display assembly repair business by at least as early as some time in 2018," before the issuance of the '537 patent. (D.I. 8 ¶¶ 18, 24, 30; *see also* D.I. 1.)

2

FSCLE's pleadings also allege that it did not learn of the existence of the '953 patent until November 2020 (when Viking filed suit against FSC), and it contends that Viking is barred under 35 U.S.C. § 287(b)[2] from obtaining a remedy for any activities FSCLE undertook before exiting the market in 2018. (D.I. 8 ¶ 24.)

On February 12, 2021, Viking answered FSCLE's declaratory judgment Complaint. (D.I. 7 (Answer to original Complaint); *see also* D.I. 11 (March 5, 2021 Answer to Amended Complaint).) Viking also asserted counterclaims of infringement of each of the '953 and '537 patents under 35 U.S.C. § 271(g). (D.I. 7; D.I. 11.) That same day, Viking filed a notice of dismissal of its infringement action against FSC, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[3] (C.A. No. 20-1511-CFC, D.I. 13.)

On March 5, 2021, FSCLE moved to dismiss Viking's infringement counterclaims for failure to state a claim. (D.I. 12.) That motion was fully briefed. (D.I. 13; D.I. 14; D.I. 16.)

While the motion to dismiss remained pending, FSCLE filed another motion on April 8, 2021 styled "Motion for Sanctions Under Federal Rule of Civil Procedure 11, 35 U.S.C. § 285 and the Inherent Powers of the Court." (D.I. 18.) In that motion, FSCLE contends that Viking failed to do an adequate presuit investigation of its infringement counterclaims and that those counterclaims are frivolous. That motion was also fully briefed, and both parties requested oral argument. (D.I. 19; D.I. 23; D.I. 24; D.I. 25; D.I. 27; D.I. 28; D.I. 29; D.I. 30; D.I. 31; D.I. 32.)

---

[2] Section 287(b)(2) provides that "[n]o remedies for infringement under section 271(g) shall be available with respect to any product in the possession of, or in transit to, the person subject to liability under such section before that person had notice of infringement with respect to that product."

[3] FSC had not yet answered or otherwise responded to Viking's Complaint.

3

Then, on June 8, 2021, Viking filed a Notice of Dismissal of its counterclaims pursuant to Rule 41(a)(1)(A)(i), (c). (D.I. 35.) Viking's dismissal of its counterclaims mooted FSCLE's then-pending motion to dismiss them. FSCLE's Rule 11 motion remained pending. (D.I. 36.)

On June 22, 2021, FSCLE filed a motion styled "Motion for Declaration of Exceptional Case and Award of Attorney Fees under 35 U.S.C. § 285." (D.I. 38.) FSCLE's motion contends that it is the "prevailing party" on Viking's counterclaims and that Viking filed frivolous counterclaims without conducting an adequate presuit investigation. That motion was also fully briefed. (D.I. 39; D.I. 40; D.I. 41; D.I. 48; D.I. 49; D.I. 51.)

On July 14, 2021, FSCLE filed another motion styled "Motion for Voluntary Dismissal under Rule 41(a)(2) and for Entry of Final Judgment under Rules 54 and 58." (D.I. 52.) In that motion, FSCLE seeks not only to voluntarily dismiss its claims for declaratory judgment of noninfringement, but also to obtain a "[j]udgment of non-infringement of all claims" of the '953 and '537 patents "in favor of" FSCLE. That motion was also fully briefed, and FSCLE requested oral argument. (D.I. 53; D.I. 54; D.I. 55.)

The Court heard oral argument on August 20, 2021. This Report and Recommendation addresses all pending motions. (D.I. 18 (FSCLE's motion for sanctions); D.I. 38 (FSCLE's motion for attorney's fees); D.I. 52 (FSCLE's motion to voluntarily dismiss its claims and for judgment of noninfringement).)

For the reasons stated below, I recommend that the Court DENY FSCLE's requests for sanctions and attorney's fees. I further recommend that the Court GRANT FSCLE's request to dismiss its claims without prejudice but DENY its request for entry of judgment of noninfringement.

## II. LEGAL STANDARDS

### A. Rule 11 Sanctions

Federal Rule of Civil Procedure 11 requires attorneys to (among other things) conduct "an inquiry reasonable under the circumstances" into the law and facts before filing pleadings and to certify that their claims are neither legally frivolous, without factual foundation, nor presented for an improper purpose. Fed. R. Civ. P. 11(b). Courts are authorized to impose sanctions for Rule 11 violations. Fed. R. Civ. P. 11(c). When deciding whether sanctions are appropriate, courts assess whether the challenged conduct was "objectively reasonable under the circumstances." *Ario v. Underwriting Members of Syndicate 53*, 618 F.3d 277, 297 (3d Cir. 2010) (quoting *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994)).

The primary purpose of Rule 11 is to correct litigation abuse, not to authorize "wholesale fee shifting" against the party on the losing side of an issue. *Doering v. Union Cty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988) (quotation omitted). Accordingly, Rule 11 sanctions should be imposed only "in the 'exceptional circumstance' where a claim or motion is patently unmeritorious or frivolous." *Id.* (quotation omitted).

### B. Fee Shifting under 35 U.S.C. § 285

Section 285 of Title 35 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court has defined an "exceptional" case as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Whether a case is exceptional is left to the discretion of the district court, which should make a case-by-case determination based on the totality of the

5

circumstances. *Id.* One of the factors to consider in deciding whether a case is exceptional is "objective unreasonableness (both in the factual and legal components of the case)." *Id.* at 554 n. 6; *see also Vehicle Operation Techs. LLC v. Ford Motor Co.*, No. 13-539-RGA, 2015 WL 4036171, at *3 (D. Del. July 1, 2015).

### III. DISCUSSION

This action never even made it to the scheduling order stage. And it is now over: Viking has dismissed its infringement counterclaims and FSCLE wants to dismiss its declaratory judgment claims.

Notwithstanding the early resolution, FSCLE says that it spent over $500,000 in attorney's fees and costs in connection with prosecuting and defending the case, and it wants the Court to make Viking pay—under either Rule 11 or 35 U.S.C. § 285.

I recommend that the Court deny FSCLE's motions for sanctions and attorney's fees.

#### A. The Court should not impose Rule 11 sanctions.

I start with FSCLE's pending motion for sanctions, which FSCLE filed before Viking dismissed its infringement counterclaims. (D.I. 18.) In it, FSCLE asks the Court to (1) dismiss Viking's infringement counterclaims "with prejudice" and (2) order Viking to pay all of FSCLE's attorney's fees and costs expended "in litigating this matter." (D.I. 18 (Proposed Order).) Viking voluntarily dismissed its counterclaims eight weeks after FSCLE filed its Rule 11 motion (D.I. 35), but FSCLE says that it will not withdraw the motion (D.I. 36).

As an initial matter, I am skeptical of FSCLE's request for all of the attorney's fees and costs it incurred "litigating this matter"—a matter that FSCLE itself commenced. Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct being challenged," which may include "an order directing payment to the movant of part or all of the reasonable

6

attorney's fees and other expense directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). The conduct challenged by FSCLE's motion is Viking's assertion of infringement counterclaims, so an appropriate sanction under Rule 11—if any—would be the fees incurred by FSCLE responding to those counterclaims before Viking dismissed them. Fees incurred by FSCLE before Viking even filed counterclaims surely weren't "directly resulting" from those counterclaims. And, given that Viking's infringement counterclaims were essentially mirror images of FSCLE's own claims for a declaratory judgment of noninfringement, I'd be disinclined to find that *all* of the fees incurred by FSCLE while the counterclaims were pending "directly resulted" from them.[4]

Nevertheless, I cannot conclude that Viking violated Rule 11. FSCLE argues that Viking failed to conduct an adequate presuit investigation before asserting counterclaims for infringement of the '953 and '537 patents. If it had, says FSCLE, Viking would have discovered that FSCLE stopped purchasing repaired display assemblies before the '537 patent even issued. FSCLE also contends that Viking failed to adequately investigate whether FSCLE purchased display assemblies that were repaired using the patented (as opposed to some other) process.

I do not think that Viking's presuit investigation was so deficient as to be unreasonable. The record before the Court reflects that Viking had a basis to believe that FSCLE may have been engaged in infringing conduct. In response to FSCLE's Rule 11 motion, Viking submitted the declaration of Kevin Barnett. (D.I. 24.) Mr. Barnett states that a Viking affiliate performed smartphone display assembly repairs for a predecessor of FSCLE until early 2015. (*Id.* ¶ 6.) In

---

[4] FSCLE's Rule 11 motion also cites 35 U.S.C. § 285 as a basis for awarding it all of the fees it incurred in litigating this matter. I reject that for a number of reasons, not the least of which are set forth in Section III.B, *infra*.

The title of FSCLE's Rule 11 motion also requested sanctions pursuant to the Court's "inherent authority." But FSCLE's briefs provided no argument as to why an award of sanctions pursuant to this Court's inherent power is appropriate.

7

Fall 2015, FSCLE approached Mr. Barnett concerning future work, but no deal was ever reached. (*Id.* ¶ 7.) In 2020, Mr. Barnett heard "from several individuals in the smartphone and tablet repair industry" that FSCLE was doing smartphone repair work, and a consultant in the industry told Barnett that FSCLE was obtaining remanufactured display assemblies from a company called Re-LCD. (*Id.* ¶¶ 9–13.) Viking also contends that the most common smartphone repair involves the phone screen (D.I. 11, Counterclaims ¶¶ 7, 14), and that the most common method of repairing a phone screen is Viking's patented method. (*Id.* ¶¶ 9, 34; D.I. 24 ¶ 15.)

FSCLE contends that, prior to asserting counterclaims, Viking should have further investigated whether FSCLE was still purchasing display assemblies that were refurbished using the patented process, but I can't find on this record that Viking acted unreasonably. FSCLE has not persuasively explained how Viking could have obtained conclusive evidence prior to asserting its counterclaims that FSCLE no longer purchased repaired display assemblies. And, given the nature of the patented process—the removal of damaged covers from mobile phone displays so that replacement glass can be attached—the question of whether any display assemblies purchased by FSCLE were made using that process is a fact that seems unlikely to be discovered through inspection. Nor does FSCLE explain how Viking could have otherwise learned that information.

What's more, the record reflects that Viking's counsel spoke with FSCLE's counsel before (and after) asserting its counterclaims and requested evidentiary support for FSCLE's assertion that it no longer purchased refurbished display assemblies. (D.I. 25 ¶¶ 3, 4, Ex. 1, Ex. 2; D.I. 28 ¶¶ 4–6, Ex. 1; D.I. 49 ¶¶ 3–7.) FSCLE did not provide that evidence until May 21, 2021 (in the

8

form of a declaration accompanying its Rule 11 motion reply brief (D.I. 30 ¶¶ 19–20; D.I. 37, Ex. 1),[5] and Viking dismissed its counterclaims two weeks later (D.I. 35).

The question of whether a litigant's position is factually well grounded for Rule 11 purposes is "fact specific." *Hoffmann-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1364 (Fed. Cir. 2000) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 403 (1990)). Under the circumstances here—where Viking had some basis for believing that FSCLE was engaged in the accused conduct, and where FSCLE has not persuaded the Court that there was much else that Viking could have or should have done that would have demonstrated infringement or noninfringement of Viking's process patent—I cannot conclude that Viking acted unreasonably in asserting its infringement counterclaims. *See id*. at 1364 (affirming denial of Rule 11 sanctions where the plaintiff was unable to obtain facts showing infringement of their process patents prior to filing suit and dismissed the suit once the defendant provided evidence of noninfringement); *see also Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir. 1988) ("A requirement that counsel, before filing a complaint, secure the type of proof necessary to withstand a motion for summary judgment would set a prefiling standard beyond that contemplated by Rule 11."); Fed. R. Civ. P. 11(b) (requiring counsel to conduct an inquiry "reasonable under the circumstances").

I also reject FSCLE's contention that Viking's counterclaims were legally frivolous. FSCLE says that Viking's infringement counterclaims are legally deficient for four reasons. First, FSCLE argues that 35 U.S.C. § 287(b) bars any damages award against FSCLE because it ceased buying repaired display assemblies in 2018 before it learned of the existence of the patents. FSCLE may be right about the law, but that's of no moment because Viking's counterclaims

---

[5] I'm not saying that FSCLE's refusal to provide early discovery was inappropriate, but it is a fact that the Court may take in to account in determining whether Viking acted reasonably under the circumstances.

9

pleaded that FSCLE continued to engage in the accused conduct (and, as explained above, Viking's factual investigation was not unreasonable).

FSCLE's second, third, and fourth arguments are (2) that it cannot be liable under § 271(g) because Viking cannot show that there is "no adequate remedy" against FSCLE's alleged suppliers (who actually repaired the display assemblies), (3) that the refurbished display assemblies were not "made" by a patented process within the meaning of § 271(g) because the asserted patents cover disassembling a display, not making one, and (4) that the purchased display assemblies are excluded from § 271(g) because they were either "materially changed by subsequent processes" or "a trivial and nonessential component of another product." But all of those arguments involve disputed legal and factual issues. *Viking Techs., LLC v. SquareTrade Inc.*, No. 20-1509, D.I. 46 at 8–9 (D. Del. Dec. 9, 2021) (concluding that disputes over whether remanufactured display assembly was "made" using the patented process and had not been "materially changed" implicated factual issues not appropriate for resolution at the pleading stage). At this stage of the case, and on this limited factual record, I cannot conclude as a matter of law that Viking's claims are patently unmeritorious. *See also Mary Ann Pensiero*, 847 F.2d at 94 ("[T]he Rule should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories."); *StrikeForce Techs., Inc. v. WhiteSky, Inc.*, No. 13-1895, 2013 WL 5574643, at *4 (D.N.J. Oct. 9, 2013) ("[Rule 11] is not an appropriate vehicle for resolving legal or factual disputes."). FSCLE might have ultimately turned out to be right on all of those points, but Viking's positions are not so absurd as to be objectively unreasonable, implausible, or frivolous.

I conclude that Rule 11 sanctions are not warranted here.

B.	The Court should not award fees under 35 U.S.C. § 285.

I next turn to FSCLE's motion for attorney's fees under 35 U.S.C. § 285. According to FSCLE, Viking's voluntary dismissal of its infringement counterclaims made FSCLE the "prevailing party" on those claims. And FSCLE argues that the Court should award attorney's fees because Viking's "unreasonable litigation conduct" makes this case exceptional.

Even if FSCLE were a prevailing party on Viking's counterclaims (which is not at all clear to me),[6] Viking did not litigate its counterclaims unreasonably. FSCLE basically relies upon the same arguments it made in its Rule 11 motion, namely, that Viking should have never filed counterclaims in the first place because it had not made a reasonable prefiling inquiry and therefore had instituted a frivolous suit, but I disagree for the reasons already explained. Moreover, Viking dropped its infringement counterclaims two weeks after FSCLE filed a sworn declaration that it no longer purchased refurbished display assemblies.

---

[6] Viking voluntarily dismissed its counterclaims pursuant to Rule 41(a)(1)(A)(i). Viking's dismissal did not require a court order, and a party's first voluntary dismissal is "without prejudice" (unless the notice of dismissal states otherwise). Fed. R. Civ. P. 41(a)(1)(A)(i), (B). Under such circumstances, there is no "court decision establishing the judicial imprimatur required for a litigant to emerge as the prevailing party under § 285." O.*F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020).

FSCLE contends that Viking's dismissal of its counterclaims was actually its second dismissal of the same claims, because Viking previously dismissed infringement claims against FSC. FSCLE cites cases where courts have held that a second voluntary dismissal—which Rule 41(a)(1)(B) says "operates as an adjudication on the merits"—is sufficient to convey prevailing party status. *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, No. 19-6359, 2020 WL 7889048, at *5 (C.D. Cal. Nov. 23, 2020). FSCLE also points to cases in which courts held that the two-dismissal rule applies if the defendants are not the same, but are in privity with each other or share the same legal rights. *See, e.g.*, *St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 78 (D. Del. 2013) (citing cases).

FSCLE argues that the two-dismissal rule should apply here because it is "an entity substantially and practically the same" as FSC. (D.I. 39 at 7.) That is a curious argument to say the least, as the record reflects that FSCLE's counsel told Viking that FSC and FSCLE were *different* entities (and that FSC did *not* repair smartphones) in order to convince Viking to drop FSC from the original infringement case, which Viking then did.

Nor was Viking's conduct in the litigation as a whole unreasonable when considered under the totality of the circumstances. FSCLE initiated this action. And aside from FSCLE's many motions (to dismiss Viking's counterclaims, for sanctions, for attorney's fees, and for "entry of judgment of noninfringement"), the case was barely litigated at all. No scheduling order was entered, the parties never commenced discovery, and all claims are or will be dismissed.

In sum, this case is not exceptional, and FSCLE's motion for attorney's fees should be denied.

### C. The Court should grant FSCLE's request to voluntarily dismiss its declaratory judgment claims, but deny its request for "judgment of noninfringement."

The last pending motion is FSCLE's "Motion for Voluntary Dismissal Under Rule 41(a)(2) and For Entry of Final Judgment Under Rules 54 and 58." FSCLE seeks to voluntarily dismiss its declaratory judgment claims without prejudice, and Viking does not oppose that request. Accordingly, I recommend that the Court dismiss FSCLE's claims without prejudice.

FSCLE also asks the Court to enter "[j]udgment of non-infringement of all claims of U.S. Patent Nos. 8,888,953 and 10,220,537 in favor of [FSCLE]." (D.I. 52 ("[Proposed] Order").) That request is improper. All of the claims in this action are or will be dismissed; there are no claims left on which the Court can enter judgment. FSCLE cites no authority supporting the proposition that the Court can enter separate "judgment" on voluntarily dismissed claims.[7]

---

[7] I do not understand FSCLE's request to dismiss its declaratory judgment claims to be contingent upon the Court granting judgment in its favor. If that understanding is incorrect, FSCLE may withdraw its motion and continue with its case.

The Court's refusal to grant "judgment of noninfringement" to FSCLE is not intended to foreclose FSCLE from arguing in a future case that Viking's notice of dismissal of its infringement counterclaims against FSCLE "operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). I am skeptical of FSCLE's position that it does (*see* n.6, *supra*), but the Court does not need to decide that issue to resolve the pending motions.

12

## IV. CONCLUSION

For the reasons stated above, I recommend the following:

1.   FSCLE's Motion for Sanctions Under Federal Rule of Civil Procedure 11, 35 U.S.C. § 285, and the Inherent Powers of the Court (D.I. 18) should be DENIED;

2.   FSCLE's Motion for Attorneys' Fees Under Federal Rule of Civil Procedure 54 and 35 U.S.C. § 285 (D.I. 38) should be DENIED; and

3.   FSCLE's Motion for Voluntary Dismissal under Rule 41(a)(2) and for Entry of Final Judgment under Rules 54 and 58 (D.I. 52) should be GRANTED-IN-PART and DENIED-IN-PART.  FSCLE's request to dismiss its claims without prejudice should be GRANTED.  FSCLE's request for entry of judgment should be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and District of Delaware Local Rule 72.1.  Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages.  Any response shall be filed within fourteen days thereafter and limited to ten pages.  The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated October 9, 2013, a copy of which can be found on the Court's website.

Dated: January 5, 2022

_____
Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE